**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel ORIAKHI, also known as Smith Agoda, Claimant–Appellant,**

**U.S. Currency, In the Sum of Ninety–Seven Thousand Two Hundred Fifty–Three Dollars, More or Less, and All Proceeds Traceable Thereto, Defendant.**

No. 00–6135.

United States Court of Appeals, Second Circuit.

May 3, 2001.

Daniel Oriakhi, Fort Dix, NJ, pro se.

Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY; Deborah B. Zwany, Arthur P. Hui, and David L. Goldberg, Assistant United States Attorneys, on the brief, for appellee.

Present LEVAL, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

The Government filed a judicial forfeiture proceeding against the defendant currency pursuant to 31 U.S.C. §§ 5316 and 5317. After a bench trial, the district court entered judgment in favor of the Government. We find no error and therefore affirm.

We reject Oriakhi's claim that the Government's five-year delay in commencing judicial forfeiture proceedings violated his right to due process because the Government offered a valid explanation for the delay, Oriakhi failed to request immediate judicial proceedings, and Oriakhi has not shown that he was prejudiced by the delay. *See United States v. $8,850 in U.S. Currency*, 461 U.S. 555, 564, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). Oriakhi also claims that the district court did not issue a warrant for the seizure of the defendant currency "forthwith"; the defendant currency was not seized "forthwith"; and Oriakhi was not served with a copy of the complaint and warrant "forthwith," in accordance with the Federal Rules of Civil

Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. *See* Supp.R. C(3); E(4)(a). Oriakhi's first argument fails because the warrant was issued within thirteen days of the filing of the complaint. As for his other two contentions, we disagree that they involve issues of subject matter jurisdiction and, therefore, his failure to raise them in the district court bars our consideration of them on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Oriakhi's remaining arguments are meritless because the Government complied with the rules governing administrative and judicial forfeiture proceedings. *See* 19 U.S.C. §§ 1600 *et seq.* and the Supplemental Rules for Certain Admiralty and Maritime Claims.

The district court's judgment is hereby AFFIRMED.